**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES STOCK JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0550** (BOR Appeal Nos. 2047819, 2047820 & 2047861)
            (Claim No. 2011016479)

**BROOKE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner James Stock Jr., by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brooke County Board of Education, by Lisa W. Hunter and Jonathan Jacks, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 26, 2013, in which the Board affirmed November 5, 2012; October 25, 2012; and October 12, 2012, Orders of the Workers' Compensation Office of Judges. In its November 5, 2012, Order, the Office of Judges affirmed two May 1, 2012, claims administrator decisions which denied authorization of fifteen additional chiropractic office visits, denied authorization for follow-up visits with S. Derrick Eddy, M.D., and denied adding cervicobrachial syndrome as a compensable condition of the claim. In its October 25, 2012, Order, the Office of Judges affirmed the claims administrator's two February 27, 2012, decisions, which denied authorization for chiropractic treatment and physical therapy, and a September 13, 2011, decision, which granted Mr. Stock a 7% permanent partial disability award. In its October 12, 2012, Order, the Office of Judges modified the claims administrator's February 28, 2012, decision to state that Mr. Stock's request to add cervical radiculopathy as a compensable condition of the claim was denied because there was insufficient evidence to support its addition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stock worked as a bus driver for the Brooke County Board of Education. On October 13, 2010, Mr. Stock injured his right shoulder by pulling the lever to open the bus doors. His claim was held compensable for disorders of bursae and tendons in the shoulder, rotator cuff syndrome, and a sprain of the shoulder and upper arm. Mr. Stock came under the care of Joseph J. DePetro III, M.D., who found that he could return to work without any restrictions. Rakesh Wahi, M.D., then evaluated Mr. Stock. Dr. Wahi found that he had reached his maximum degree of medical improvement and had 7% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On September 13, 2011, the claims administrator granted Mr. Stock a 7% permanent partial disability award. Mr. Stock, nevertheless, continued to be treated by Dr. DePetro who found that he had ongoing pain in his neck along the right side. Dr. DePetro determined that Mr. Stock had bulging of the C3-4 and C5-6 discs and requested that cervical radiculopathy be added as a compensable condition of the claim. Dr. DePetro also submitted a request to add cervicobrachial syndrome as a compensable condition. Dr. DePetro further requested authorization for several treatments based on these diagnoses, including chiropractic treatment and physical therapy. Mr. Stock was also treated by Stephen R. Timms, M.D., who found that he had ongoing radicular symptoms and recommended that he receive treatment from Dr. Eddy.

On February 27, 2012, the claims administrator denied authorization for chiropractic treatment with Marian Terri Geary, D.C. In a separate decision issued the same day, the claim administrator denied authorization for physical therapy for the right arm. On February 28, 2012, the claims administrator denied the request to add cervical radiculopathy as a compensable condition. Dr. Geary then treated Mr. Stock and found that he had complained of shoulder and neck pain since the date of the compensable injury. Dr. Geary, however, found that Mr. Stock had a degenerative condition in his neck that was not related to the compensable injury. Dr. Geary then requested authorization for fifteen additional chiropractic visits. She also requested that cervicobrachial syndrome be added as a compensable condition of the claim. On May 1, 2012, the claims administrator denied a request for follow-up visit with Dr. Eddy. On the same day, the claims administrator issued a separate decision denying Dr. Geary's request for fifteen additional chiropractic visits and denied the request to add cervicobrachial syndrome as a condition of the claim. D. Kelly Agnew, M.D., then evaluated Mr. Stock and determined that the diagnostic testing in the record did not reveal any evidence of radiculopathy. Dr. Agnew also found that there was no evidence that the October 13, 2010, incident caused a cervical injury. On October 12, 2012, the Office of Judges modified the claims administrator's February 28, 2012, decision and refused to add cervical radiculopathy to the claim because there was insufficient medical evidence to support the diagnosis. On October 25, 2012, the Office of Judges affirmed the September 13, 2011, and both February 27, 2012, claims administrator decisions. On November 5, 2012, the Office of Judges affirmed both May 1, 2012, claims administrator

decisions. The Board of Review affirmed all three Office of Judges' Order on April 26, 2013, leading Mr. Stock to appeal.

In its October 12, 2012, Order, the Office of Judges concluded that the claims administrator's decision denying the addition of cervical radiculopathy as a compensable condition was not erroneous. It determined that there was not sufficient medical evidence to add cervical radiculopathy to the claim. The Office of Judges found that Dr. Wahi evaluated Mr. Stock ten months after the compensable injury and did not note any disability related to his cervical spine. The Office of Judges also found that Dr. Agnew found no evidence of cervical radiculopathy. It further pointed out that Mr. Stock's treating physician, Dr. Geary, attributed his cervical problems to degenerative changes and not to his work injury.

In its October 25, 2012, Order, the Office of Judges concluded that Mr. Stock did not demonstrate that the 7% permanent partial disability award granted in this claim was erroneous. The Office of Judges found that the only impairment evaluation in the record was the report of Dr. Wahi and his opinion was the most credible assessment of Mr. Stock's impairment. The Office of Judges also concluded that Mr. Stock was not entitled to additional chiropractic treatment. It found that Dr. DePetro did not provide sufficient justification for the requested chiropractic treatment, particularly considering that the injury occurred more than a year and a half prior to the date of the request. The Office of Judge also noted that even Dr. Geary believed that Mr. Stock's neck problems were related to degenerative changes.

In its November 5, 2012, Order, the Office of Judges concluded that Mr. Stock did not show that cervicobrachial syndrome should be added as a compensable condition of the claim. The Office of Judges also concluded that Mr. Stock did not demonstrate that the appointment with Dr. Eddy or additional chiropractic visits should be authorized. The Office of Judges found that there was no reason provided in the record that justified Mr. Stock's need for the requested treatments in relation to his compensable shoulder injury. The Office of Judges also found that Mr. Stock did not provide any evidence supporting the addition of cervicobrachial syndrome to the claim. The Board of Review adopted the findings of the Office of Judges and affirmed all three of its Orders.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Stock has not demonstrated that the diagnoses of cervicobrachial syndrome and cervical radiculopathy are causally related to the compensable injury and should be added as conditions of the claim. Mr. Stock's initial complaints were limited to the pain in his right shoulder, and the remainder of the record does not provide sufficient evidence to show that he injured his neck in the course of and resulting from his employment. The evaluation of Dr. Agnew demonstrates that the diagnoses should not be added as conditions of the claim, and the Office of Judges was justified in relying on his opinion. Mr. Stock has also not shown that the requested chiropractic treatment, physical therapy, and office visits with Dr. Geary are medically related and reasonably required to treat his compensable shoulder injury. The evaluation of Dr. Wahi shows that Mr. Stock had reached his maximum degree of medical improvement, and the

3

evidence in the record is consistent with Dr. Wahi's determination. Finally, Mr. Stock has not demonstrated that he is entitled to any greater than a 7% permanent partial disability award related to his compensable shoulder injury. Dr. Wahi's evaluation is the only assessment of Mr. Stock's impairment, and the remainder of the record is consistent with his finding.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum